3L 643
4pi 407

RICHARD DOUGHERTY v. F. R. KELLUM.

1. LANDLORD AND TENANT. *Rent. Supplies.* A landlord, in a suit to enforce his lien on the tenant's crop, may join demands for rent and supplies which are a lien on the same crop, but he must give the amount of each demand constituting the aggregate sum sued for.

2. SAME. *Attachment. Affidavit.* It is no ground for quashing the attachment in such case, that the affidavit fails to specify the form of the demand, whether note or account, nor that the amount of the debt claimed is qualified by the words " more or less."

3. SAME. *Same. Same.* But the affidavit on which an attachment is sought for supplies furnished by the landlord, must state that an account of those supplies was kept as the articles were furnished, and the account must be sworn to before or at the time of suing out the attachment. Any note or written memorandum, even on a loose sheet of paper, if made at the time the articles were furnished, would meet the requirements of the act.

4. SAME. *Same. Costs when judgment is rendered on summons, and attachment is bad.* The judgment rendered on the service of a warrant or summons may be good, although the attachment may be quashed for fatal defects, in which case the costs of the recovery and the costs of the attachment will be severally borne by the unsuccessful party.

FROM GILES.

Appeal from the Circuit Court of Giles county. W. S. McLEMORE, J.

JONES & EWING for Dougherty.

N. SMITHSON for Kellum.

COOPER, J., delivered the opinion of the court.

Kellum sued Dougherty before a justice for rent of land and supplies, by summons and original attachment, based on a landlord's lien. The summons was served on the defendant and the attachment levied on the defendant's crop, and both writs returned on the same day for trial. The justice gave judgment in favor of the plaintiff for $22.23, and the defendant appealed. In the Circuit Court, the jury found a verdict in favor of the plaintiff for $20.26, and the defendant appealed in error to this court.

By the Code, section 3539, any debt created for the rent of land is made a lien on the crop raised on the land, which lien, by section 3541, may be enforced by original attachment issued on affidavit that the rent is due and unpaid. By the act of 1875, ch. 116, sec. 1, a landlord is given a further lien on growing crops for necessary supplies of food and clothing furnished tenants for themselves, or those dependent on them, by the landlord or his agent, to enable the tenant to make the crop; "*provided*, an account of such necessary supplies is kept as the articles are furnished, and is sworn to before some justice of the peace before the enforcement of the lien." Section 2 is: "That this lien may be enforced as the landlord's lien for rent; *provided*, always, that the affidavit, as above provided for, shall be made as to the truth and justice of the account, before the magistrate or clerk of the court shall issue writs of distraint or attachment."

The affidavit, on which the attachment issued, states that defendant is justly indebted to the plaintiff in the sum of fifty-five dollars, "more or less," and that the debt was created "for rent and supplies furnished for the year 1877," and is due and unpaid. In the Circuit Court, the defendant moved to quash the attachment, because the affidavit did not state the amount of the supposed debt, nor show whether the demand was due by note or account, and because the account for supplies was not sworn to before the attachment was sued out as required by the act of 1875. It is now assigned as error, that the court below overruled this motion.

In the early history of this State, the courts adopted the policy of construing the attachment laws with great strictness, as departures from the common law modes of procedure. But this course was changed, in deference to the legislative branch of the government, with whom the proceeding by attachment was a favorite remedy, and by whom the law had been changed as often as the remedy was limited by the strict construction of the courts. *Runyan* v. *Morgan*, 7 Hum., 210. Afterwards, it was expressly provided by the Code, section 3477 : " The attachment law shall be liberally construed, and the plaintiff before, or during trial, shall be permitted to amend any defect of form in the affidavit, bond, attachment, or other procedings." If this be the legislative will in reference to original attachments which may be sued out without actual notice to the defendant, it is obvious that the courts would feel less reluctance in yielding to it where the

attachment is accompanied by actual notice. The lien
given to the landlord on the growing crop of his
tenant for rent and supplies, which may be enforced,
by attachment, takes the place of the common law
remedy by distraint. The legislation which gives it
and regulates its enforcement, is beneficial both · to the
landlord and the tenant. For it enables the landlord
to assist the tenant without too great a risk of loss,.
and secures the better cultivation of the soil. And
the tenant, being on the land, and a citizen of the
locality, has prompt notice of the legal proceeding
taken to enforce the lien.

Inasmuch as the debt for rent, for which a lien
is given by the Code, section 3539, may be "by note,
account or otherwise," and as the debt for supplies,
for which a lien is given by the act of 1875, may
be by account, it is manifestly not important that the
affidavit for the attachment should specify the form of
the demand, whether note or account. So, too, the
amount due for rent and supplies may be often un-
certain by reason of payments and counter claims, and·
the statement of an exact sum would be impossible.
In this view, the addition of the words "more or less"·
to the statement of the amount of the debt in the
affidavit before us may, perhaps, be taken as equiva-
lent to ˙saying "about" that sum. The plaintiff would
not obtain a lien on the property attached for more·
than the sum mentioned and a few dollars for *bona fide*
errors, and he would, probably, be liable in damages
for a willful misstatement of his demand in excess of
the real amount, by which a larger quantum of the

crop had been impounded than the real debt justified.

But the last ground for the motion to quash, namely, that the account for supplies was not sworn to before the attachment was sued out, seems to have been well taken. It was manifestly the intention of the Legislature, while securing the landlord, to protect the tenant. The act of 1875 expressly provides, in both of its sections, that the account for supplies shall be sworn to before the issuance of the writ of attachment, and gives the lien in the first section for supplies only where an account of such supplies has been kept " as the articles are furnished." The affidavit should aver the fact that an account of the necessary supplies was kept as the articles were furnished, and that account must be sworn to before, or at the time of suing out the attachment. No doubt, the same liberal construction would apply to such accounts as was given to the " book of accounts " under the old act of 1756, ch. 4, brought into the Code, section 3781, *et sequente.* Any note or written memorandum, even on a loose sheet of paper, if made at the time the articles are furnished, would meet the requirements of the act. *Irwin* v. *Jordan,* 7 Hum., 167.

No objection has been made to the affidavit in this case, that it does not distinguish between the rent and supplies, but covers them both in one charge. We think it clear, however, that while a demand for rent and supplies may well be joined in the same suit to enforce the landlord's lien where they are a lien on the same crop, yet the affidavit must distinguish

between them, and give the amount of each claim which constitutes the aggregate demand. The attachment is, therefore, fatally defective for the reasons stated, and should have been, and must now be quashed.

There is no reason, however, for interfering with the verdict of the jury and the judgment rendered thereon. The defendant was regularly summoned to answer the plaintiff's demand, and has had a fair trial upon a correct charge. No exception has been taken to the judgment in the argument submitted on behalf of the appellant.

The attachment will be quashed, and the appellee charged with all the costs incident to the attachment, and the judgment for the recovery of the debt found by the jury affirmed with the costs incident to that branch of the suit.